IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME GEORGE, | : |
| | : |
|     Plaintiff | : |
| | : CIVIL NO. 3:CV-05-1775 |
| vs. | : |
| | : (CHIEF JUDGE VANASKIE) |
| LYCOMING COUNTY DRUG TASK FORCE, ET AL., | : |
| | : |
|     Defendants | : |

# M E M O R A N D U M

## I.   INTRODUCTION

Plaintiff Jerome George, a prisoner currently confined at the Lycoming County Prison, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on August 31, 2005. George, who proceeds pro se and *in forma pauperis*, alleges defendants illegally entered his home without a proper search warrant and seized items "that they are attempting to present against [him] for prosecution." (Dkt. Entry 1.)  He further avers that during the course of the search all occupants of the home were held against their will as defendants pointed firearms at them.  (Id.)  As relief, George asks that the court "[d]ismiss all unfounded and illegally gathered charges of any illegal drug possession," as well as award monetary damages.  (Id.)  Named as defendants are the Lycoming County Drug Task Force, the Williamsport Bureau of Police and the South Williamsport Police Department.  (Id.)

## II.     STANDARD OF REVIEW

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  An action by an incarcerated person that seeks relief against a government employee must be screened to determine if dismissal is warranted on the same grounds. See 28 U.S.C. § 1915A.  In applying these statutory screening requirements, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). See Eline v Milore, No. Civ.A. 3:05-1088, 2005 WL 1429845 at *1(M.D. Pa. 2005).  Thus, the truth of the plaintiff's factual allegations is assumed and viewed in the light most favorable to plaintiff.  Gibson v. Superintendent of N.J. Dep't. of Law & Pub. Safety-Division, 411 F.3d 427, 431 (3d. Cir.2005).  The court must decide "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief."  Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).  *Pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  Grayson v. Mayview State Hospital,

293 F.3d 103, 106 (3d Cir. 2002).

## III.   DISCUSSION

Although George's complaint is relatively brief, it is clear that he alleges the warrantless search of his home which led to the discovery of drugs and eventually the lodging of criminal charges against him. He seeks injunctive relief to bar the pending state court prosecution, as well as monetary relief.

The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37 (1971), "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "*Younger* abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id.

The specific elements for *Younger* abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). All three *Younger* criteria are

met here.  First, George's claim concerns the separate pending criminal case brought against him in the Lycoming County Court of Common Pleas.  Second, based upon the fact that George is attempting to raise issues concerning the validity of his pre-trial incarceration, the proceeding clearly implicates important state interests.  Third, the Lycoming County forum affords George an adequate opportunity to raise his federal law issues, such as arrest without probable cause.  George has not asserted that he is unable to present his federal claims in his related state court proceedings.  Thus, this Court may assume that the state procedures will afford an adequate remedy.  See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id., at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Id. at 54.  The exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).  Thus, "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions

appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).  George has failed to show that he falls within any of the narrow exceptions to the *Younger* doctrine.

George has requested injunctive relief that would clearly interfere with the pending state court criminal proceeding.  Dismissal of such a claim for reliefs is plainly warranted.

George also seeks to recover monetary relief in the form of compensatory and punitive damages.  Our Court of Appeals has recognized that claims for damages that would imply the invalidity of a conviction on pending criminal charges are not cognizable. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir.1996).  As the Holtz Court made clear:

> [Section] 1983 actions are subject to the "hoary principle" that civil tort actions are not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of this holding were to preserve consistency and finality, and to prevent "a collateral attack on [a] conviction through the vehicle of a civil suit." . . . *We find that these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.* A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on apending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.

Holtz, 87 F.3d 113 (emphasis in original and added).  Thus, dismissal of claims for monetary relief under federal law causes of action, which necessarily depend on the

outcome of the ongoing criminal cases, is warranted.

The Court in <u>Guerro v. Mulhearn</u>, 498 F.2d 1249, 1254 (1st Cir.1974), also squarely addressed the issue of abstention where there exists an ongoing state criminal proceeding, stating:

> In any event, whatever cost to the litigant may be involved, there is an overriding cost that is avoided. Damage to the smooth operation of the administration of criminal justice, injury to the proper workings of a federal system, and undermining of congressional concern with the functioning of the writ of habeas corpus-all are harms which are prevented by the requirement that a civil rights damage action be deferred.

It would be an improper interference with the pending state criminal court proceeding if this Court were to award George damages based upon his claim of constitutional rights violations. The adjudication of George's constitutional claims in this instant civil right action would require this Court to rule upon issues relevant to the disposition of the state criminal charges, thereby impermissible interfering in the pending state criminal proceeding. As explained in <u>Clark v. Zimmerman</u>, 394 F.Supp. 1166, 1174 (M.D. Pa.1975):

> To allow state criminal defendants to litigate their constitutional claims in civil rights suits for money damages before completion of the state criminal process would invite a flanking movement against the system of state courts by resort to the federal courts to litigate constitutional defenses in civil rights damage actions, thereby subverting the orderly functioning of the state criminal process. Such suits would introduce an element of uncertainty in state criminal proceedings and would expose every state criminal justice system to insupportable disruption.

Accordingly, George's complaint will be dismissed without prejudice. The application

of the *Younger* doctrine of federal non-intrusion in the state criminal process, along with the principle that constitutional issues relevant to the disposition of pending state criminal charges cannot be adjudicated in a federal civil rights damage action, render George's complaint frivolous as a matter of law.

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie, Chief Judge
                                                Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEROME GEORGE, | : |
| | : |
|     Plaintiff | : |
| | : CIVIL NO. 3:CV-05-1775 |
|   vs. | : |
| | : (CHIEF JUDGE VANASKIE) |
| LYCOMING COUNTY DRUG TASK | : |
| FORCE, ET AL., | : |
| | : |
|     Defendants | : |

**O R D E R**

**NOW, THIS 2nd DAY OF FEBRUARY, 2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's application to proceed in forma pauperis (doc. 2) is granted.

2. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3. The Clerk of Court shall close this file.

                                                  **s/ Thomas I. Vanaskie**
                                                  Thomas I. Vanaskie, Chief Judge
                                                  Middle District of Pennsylvania